# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JERMAINE APPLEWHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:18-CV-52 |
| | ) |
| INDIANA CHILD SUPPORT | ) |
| BUREAU, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the: (1) civil complaint filed by Plaintiff, Jermaine Applewhite, on February 5, 2018 (DE #1); and (2) the Motion to Proceed in Forma Pauperis, filed by Plaintiff, Jermaine Applewhite, on February 5, 2018 (DE #2). For the reasons set forth below, the Clerk is **ORDERED** to **DISMISS** the complaint **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A. Additionally, the application to proceed in forma pauperis (DE #2) is **DENIED.**

BACKGROUND

Plaintiff, Jermaine Applewhite, makes the following allegations in his complaint:

> The plaintiff Jermaine Applewhite went to a paternity hearing on 10/29/2013 where the defendants Thomas B. Felix, Indiana Child Support, and Lake County knowingly used intimidation and misleading conduct to persuade the plaintiff

> Jermaine Applewhite to sign a voluntary order of
> support.  This happen at the lake superior court
> juvenile division, iv-d.  When this happen i [sic.]
> was forced to live in shambles and could not get a
> place to live because this affected my credit and
> the current living situation I was in.  I could not
> pay my rent on time so i [sic.] was forced to leave
> my apartment and live with my significant other.  I
> was not given due process and they deprived me
> under the color of law.  This my claim and fact
> that i [sic.] present to the court.

(Compl., DE #1 at 2.)

DISCUSSION

Under the federal *in forma pauperis* statute, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a)(1).  Here, Applewhite asserts that he earns approximately $2,500 per month, has no other valuable property or investments, and provides $800 a month in child support.  (DE #2.)  Based on this income information, the financial eligibility for *in forma pauperis* status is satisfied.

The inquiry does not end there, however.  The Court has an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 33-34 (1992).  In determining

whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank*, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Applewhite's complaint alleges claims under 42 U.S.C. § 1983. He claims that he was deprived of due process during a paternity hearing on October 29, 2013. It is well settled that Indiana has a "two-year statute of limitations, which is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Therefore, his claim is time barred and fails to state a proper claim upon which relief may be granted.

CONCLUSION

For the reasons set forth below, the Clerk is **ORDERED** to **DISMISS** the complaint **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A.  Additionally, the application to proceed in forma pauperis (DE #2) is **DENIED.**

**DATED: February 20, 2018**          /s/ RUDY LOZANO, Judge
                                      **United States District Court**